**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHINACAST EDUCATION CORPORATION, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ZHUOGUO CHEN, Erroneously sued as Chen Zhou Guo and HUAN WANG, <br><br> Defendants-Appellees. | No. 17-55447 <br><br> D.C. No. 2:15-cv-05475-AB-E <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted June 7, 2018
Pasadena, California

Before: D.W. NELSON and CHRISTEN, Circuit Judges, and SHEA,[**] District Judge.

On June 3, 2010, Plaintiff Chinacast Education Corp. issued stock to

Motivation International Investment Co. Ltd, an entity wholly owned by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

Defendants Zhuoguo Chen (Chen) and Huan Wang. Chinacast claims it never received consideration for these shares and instituted a diversity suit in California federal district court to recover their value.[1] Defendants raised a statute of limitations defense and moved for summary judgment. The district court reasoned that Chinacast's causes of action arose in China because the "round-trip" deposits creating the illusion of payment for Chinacast's stock were executed through Chinese bank accounts in China. And because Chinacast's claims were untimely under Chinese law, California's borrowing statute precluded them from being brought in California. Cal. Civ. Proc. Code § 361. The district court accordingly dismissed Chinacast's complaint. Chinacast timely appeals.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

California's borrowing statute provides that a cause of action that "has arisen" in a foreign country may not be prosecuted in California if it "cannot there be maintained against a person by reason of the lapse of time."[3] § 361. "[A]pplication of [the borrowing statute] generally is straightforward in a case

---

[1] The complaint accused Chen of fraud, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and alleged causes of action against the Defendants for unjust enrichment, conversion, and money had and received. Only the last three claims are relevant to this appeal.

[2] As the parties are familiar with the facts, we do not recount them here.

[3] Save for one exception not relevant here.

2

involving, for example, a typical automobile accident—in which the allegedly tortious conduct, the resulting injury, and compensable damage all occur at the same time and in the same place . . . ." *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 85-86 (2010). Complications arise, however, where the dispute involves a commercial transaction spanning multiple jurisdictions. "Section 361 does not define the term 'has arisen.'" *Zacher v. Robinson Helicopter Co.*, No. B279673, 2017 WL 6333908 at \*3 (Cal. Ct. App. December 12, 2017). Courts applying borrowing statutes have generally "h[e]ld that a cause of action sounding in tort arises in the jurisdiction where the last act necessary to establish liability occurred, *i.e.*, the jurisdiction in which injury was received[,]" *Sosa v. Alvarez-Machain*, 542 U.S. 692, 705 (quoting John W. Ester, *Borrowing Statutes of Limitation and Conflict of Law*, 15 U. Fla. L. Rev. 33, 47 (1962)) (internal quotation marks omitted); *see also Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1191 (2013).

The round-trip deposits implicated in this case were completed by June 1, 2010. Using the slips generated from these transactions as proof of consideration, on June 2, 2010, Chinacast's then-CFO instructed Continental Stock Transfer & Trust Co. to issue 2,482,758 shares to Motivation in Hong Kong. The round-trip deposits were therefore not the last act establishing liability for conversion, money

3

had and received, and unjust enrichment because Plaintiff's claims only arose after Motivation received and wrongfully exercised dominion over Chinacast's shares.

Defendants argue that Chen took possession of the stock certificate from Chinacast's ex-CEO, Ron Chan (Chan), in China. Motivation, they strenuously insist, never maintained a place of business in Hong Kong. The Hong Kong address listed on the stock certificate was nominally ascribed to Motivation but "regularly used by Chan for numerous other purposes." Be that as it may, we are obliged at this stage of the proceedings to construe all the evidence in the light most favorable to the non-moving party, Chinacast. *Narayan v. EGL*, 616 F.3d 895, 899 (9th Cir. 2010). Chinacast alleged "collusion" between Chen and Chan. Given the numerous red flags surrounding the HIUBC purchase, a rational jury could believe that the two men were acting in cahoots to loot the company. Furthermore, a rational jury could decide that while Chan "receive[d] the [stock] certificate[] in Hong Kong and then deliver[ed] them to . . . Chen in Hubei," he did so as Chen's co-conspirator and not as a corporate officer of Chinacast. On these facts, Chen, through his agent Chan, wrongfully exercised dominion over the certificate in Hong Kong.

Viewing the evidence in the light most favorable to Chinacast, Plaintiff's causes of action against the Defendants arose in Hong Kong. Because these claims

were not untimely under Hong Kong law, they are not barred by California's borrowing statute.

**REVERSED and REMANDED**.